UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| DELMAR EDWARD DEBOSE, | : | CASE NO. 21-57534-SMS |
| | : | |
| Debtor. | : | |
| | : | |
| S. GREGORY HAYS, | : | |
| Chapter 7 Trustee for the Estate of | : | |
| Delmar Edward DeBose, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | ADV. PRO. NO. |
| | : | |
| CHRIS AUGUSTE, | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Delmar Edward DeBose ("**Debtor**"), by and through undersigned counsel, and files this *Complaint* against Chris Auguste ("**Defendant**" or "**Mr. Auguste**"), and respectfully shows the Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 544, 548, 550, and 551.

2. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157 (b)(2).

3. Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary

1

17498729v1

proceeding arises in the Chapter 7 bankruptcy case of Debtor Delmar Edward DeBose, Case No. 21-57534-SMS (the "**Bankruptcy Case**"), pending in the Northern District of Georgia, Atlanta Division.

4. This adversary proceeding is initiated under Rule 7001 of the Federal Rules of Bankruptcy Procedure.

5. Upon information and belief, Defendant is Debtor's partner.

6. Defendant is subject to the jurisdiction of this Court and may be served under Rule 7004 of the Federal Rules of Bankruptcy Procedure by first class United States Mail.

7. Trustee consents to the entry of final orders or judgment by the Bankruptcy Court pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

## Statement of Facts

### a. General Background

8. Debtor initiated the underlying bankruptcy case (the "**Case**" or "**Bankruptcy Case**") by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on October 7, 2021 (the "**Petition Date**").

9. Trustee is the duly acting Chapter 7 Trustee.

### b. The Property

10. Prior to the Petition Date, Debtor and Defendant jointly owned a certain real property with a common address of 3765 High Point Lane, SW, Atlanta, Georgia 30331 (the "**Property**").

11. On or about September 7, 2021, Debtor and Defendant sold the Property to Opendoor Property Trust I, and they netted sale proceeds of $208,480.94 (the "**Net Sale Proceeds**"), after payment of the encumbrances against the Property and the costs of sale.

2

17498729v1

12. Debtor was entitled to one-half of the Net Sale Proceeds ("**One-Half of the Proceeds**").

13. Despite having sold the Property and being entitled to One-Half of the Proceeds approximately a month before the Petition Date, Debtor filed this Case as a no-asset case. [Doc. No. 1 at page 6 of 71].

14. And, on his *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy*, Debtor stated: (a) that he did not sell or transfer any property to anyone within two years of filing his Case, outside of the ordinary course; (b) that no one held money for him; and (c) that he had not paid any creditors more than $600.00 within 90 days of the Petition Date, and he scheduled less than $150.00 in cash or deposits in bank accounts on his *Schedule A/B: Property*. [Doc. No. 1 at pages 10, 15, and 24 of 71].

### c. Debtor's Financial Condition

15. On his bankruptcy disclosure forms, Debtor scheduled total unsecured claims of $156,828.40. [Doc. No. 1 at page 58 of 71].

16. Debtor scheduled total assets with a value of $4,625.00. *Id.*

17. Upon information and belief, Debtor's financial condition did not materially change from the date of the sale of the Property on or about September 7, 2021 to the Petition Date.

18. Upon information and belief, on the date of the sale of the Property on or about September 7, 2021, the value of Debtor's assets was less than the value of his liabilities.

### COUNT I
### (Turnover Under 11 U.S.C. § 542)

19. Trustee realleges the allegations of paragraphs 1 through 18 above as though fully set forth herein.

17498729v1

20. One-Half of the Proceeds are property of the Bankruptcy Estate.

21. Upon information and belief, Defendant is in possession of Debtor's One-Half of the Proceeds.

22. Trustee is entitled to turnover of One-Half of the Proceeds by Defendant, or, alternatively, a money judgment against Defendant equal to the value of One-Half of the Proceeds, under 11 U.S.C. § 542.

## COUNT II

**(Avoidance of Transfer Under 11 U.S.C. § 548(a)(1)(B); ALTERNATIVE COUNT)**

23. Trustee realleges the allegations of paragraphs 1 through 18 above as though fully set forth herein.

24. Debtor may have transferred One-Half of the Proceeds to Defendant (the "**Transfer**").

25. Debtor received no consideration in exchange for the Transfer at the time that the Transfer was made.

26. The Transfer was made approximately 30 days before the Petition Date.

27. Debtor received less than reasonably equivalent value in exchange for the Transfer.

28. Debtor was insolvent on the date of the Transfer or became insolvent as a result thereof.

29. The Transfer was made to or for the benefit of an insider.

30. Under 11 U.S.C. § 548(a)(1)(B), Trustee is entitled to avoid the Transfer made by Debtor to Defendant.

4

17498729v1

## COUNT III

**(Recovery of the Avoided Transfer under 11 U.S.C. § 550; ALTERNATIVE COUNT)**

31. Trustee realleges the allegations of paragraphs 1 through 18 and 23-30 above as though fully set forth herein.

32. Defendant was the initial transferee of the Transfer and/or the person for whose benefit the Transfer was made.

33. Under 11 U.S.C. § 550(a)(1), Trustee is entitled to recover for the Bankruptcy Estate the property interest transferred through the Transfer, or the value of the avoided Transfer, from Defendant.

## COUNT IV

**(Preservation of the Avoided Transfer under 11 U.S.C. § 551; ALTERNATIVE COUNT)**

34. Trustee realleges the allegations of paragraphs 1 through 18 and 23-33 above as though fully set forth herein.

35. Once avoided, the Transfer is automatically preserved for the benefit of the Bankruptcy Estate, under 11 U.S.C. § 551.

## **RESERVATION OF RIGHTS**

36. Trustee reserves the right to amend this Complaint to add additional parties, to add additional transfers, and to assert additional claims, including but not limited to any and all claims arising under Title 11 of the United States Code or applicable law.

WHEREFORE, Trustee prays that this Court enter a judgment in favor of Trustee and against Defendant:

a) ordering Defendant to turnover to Trustee One-Half of the Proceeds under 11 U.S.C. § 542;

b) alternatively, granting Trustee a money judgment against Defendant equal to the value

5

17498729v1

        of One-Half of the Proceeds under 11 U.S.C. § 542;

c)     alternatively, avoiding the Transfer under 11 U.S.C. § 548(a)(1)(B);

d)     alternatively, requiring Defendant to return to Trustee the property interest transferred through the Transfer, or, alternatively, finding Defendant liable for the value of the Transfer under 11 U.S.C. § 550;

e)     alternatively, preserving the avoided Transfer for the benefit of the Bankruptcy Estate, under 11 U.S.C. § 551; and

f)     granting such other and further relief as is just and proper.

Respectfully submitted this 14th day of December, 2021.

                                      ARNALL GOLDEN GREGORY LLP
                                      *Proposed Attorneys for Trustee*

                                      By: */s/ Michael J. Bargar*
                                          Michael J. Bargar
                                          Georgia Bar No. 645709
                                          michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
P: (404) 873-8500
F: (404) 873-8501

17498729v1