**IT IS ORDERED as set forth below:**

Date: April 14, 2022

_____

Sage M. Sigler
U.S. Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | CASE NUMBER: |
| **DELMAR EDWARD DEBOSE**, | : | **21-57534-SMS** |
| Debtor. | : | CHAPTER 7 |
| | : | |
| **S. GREGORY HAYS, CHAPTER 7 TRUSTEE FOR THE ESTATE OF DELMAR EDWARD DEBOSE** | : | ADVERSARY PROCEEDING NO: |
| | : | **21-05126-SMS** |
| Plaintiff, | : | |
| v. | : | |
| **CHRIS AUGUSTE,** | : | |
| Defendant. | : | |

## ORDER AND NOTICE OF STATUS CONFERENCE DIRECTING DEBTOR'S COUNSEL TO APPEAR

Before the Court is the *Request for Entry of Default* (the "Default Request," Doc. 4), filed by S. Gregory Hays, the Chapter 7 Trustee for the Estate of Delmar Edward DeBose (the "Trustee"). Delmar Edwards DeBose (the "Debtor") filed a voluntary petition for relief under chapter 7 on October 7, 2021 (Case No. 21-575334, Doc. 1). The Trustee later filed the above titled adversary complaint on December 14, 2021, seeking the Debtor's half of the $208,480.94 in net proceeds from the sale of the Debtor's home. The Trustee contends that the Debtor was entitled to this money as a joint owner of the property along with the defendant in this case, Chris Auguste (the "Defendant"), who was also the Debtor's partner. (Doc. 1). The Trustee contends that the Debtor's half of the proceeds was fraudulently transferred to the Defendant and instituted this proceeding against the Defendant to unwind that transfer.[1] The Defendant failed to file an answer, and the Trustee's Default Request was filed. No response has been filed to the Default Request.

Debtor is represented by Philip William Lehman of The Semrad law Firm, LLC in his bankruptcy. Bankruptcy Local Rule 9010-4 states that "an attorney who files a petition initiating a case on behalf of a debtor … shall represent the debtor in all matters in the case . . . unless the Bankruptcy Court permits the attorney to withdraw in accordance with BLR 9010-5." Bankruptcy Local Rule 9010-5, in turn, provides that "[a]n attorney who has appeared in a case . . . must obtain permission from the Bankruptcy Court to withdraw as counsel, unless substitute counsel has made an appearance for that party." Debtor's counsel has not sought permission from this Court to withdraw. The Court therefore finds it appropriate to hold a status conference on the Default Request. Accordingly,

---

[1] In Doc. 1 of the adversary, the Trustee lodges multiple theories of fraudulent transfer and recoverability by the Trustee, as well as preservation of the transferred funds for the benefit of the estate.

**IT IS ORDERED** and **NOTICE IS HEREBY GIVEN** that a status conference will be held in this case on **May 11, 2022** at **10:15 a.m.** in Courtroom 1201, United States Courthouse, Richard B. Russell Federal Building, 75 Ted Turner Drive SW, Atlanta, Georgia.

**IT IS FURTHER ORDERED** that Debtor's counsel, an attorney from The Semrad Law Firm, LLC shall appear at the status conference.[2]

The Clerk is directed to serve a copy of this Order upon the Defendant, Debtor, the Debtor's counsel, the chapter 7 trustee, the trustee's counsel, and the United States trustee.

**END OF DOCUMENT**

---

[2] "Given the current public health crisis, hearings may be telephonic only.  Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone."